United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TENESSIA POSEY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MCKESSON CORPORATION, et. al.,<br><br>    Defendants.<br>_____/ | No. C 12-05939 RS<br><br>**ORDER GRANTING MOTION TO REMAND** |

## I.  INTRODUCTION

Plaintiffs, twenty-four individuals who claim they suffered injuries from taking pain medications containing propoxyphene manufactured or distributed by defendants, move to remand this action to California Superior Court for the County of San Francisco for lack of subject matter jurisdiction. The motion is granted for the reasons discussed below. The motion is appropriate for adjudication without oral argument, and is submitted accordingly pursuant to Civil Local Rule 7-1(b).

## II. BACKGROUND

This is one of many cases currently pending in various state and federal courts alleging harms to consumers from propoxyphene. This particular case was originally filed against various manufacturers and distributors of drugs containing propoxyphene on behalf of twenty-four plaintiffs on November 18, 2011, in the Superior Court of the State of California for the County of San Francisco. On January 9, 2012, removing defendant Covidien was served the summons in this case. On January 23, 2012, defendant Eli Lilly and Company, who had not yet been served, removed the case to federal court, where it was transferred by the Judicial Panel on Multi-district Litigation to MDL No. 2226 pending in the Eastern District of Kentucky. Covidien and all other defendants consented to the removal by Eli Lilly. The MDL judge rejected defendant's arguments for removal on the basis of diversity jurisdiction, holding that neither non-diverse plaintiffs nor defendants were fraudulently joined, and remanded this action back to California Superior Court.

In Superior Court, plaintiffs petitioned the California Judicial Counsel to coordinate this case with six other products liability cases advancing the claims of 141 plaintiffs who allege personal injuries from medications containing propoxyphene. The petition, filed on October 23, 2012, under California Code of Civil Procedure Section 404, requested that the cases be consolidated before "[o]ne judge hearing all of the actions for all purposes in a selected site or sites [to] promote the ends of justice." As of November 20, 2012, another thirty-four propoxyphene-related actions with over 1,200 additional plaintiffs have been filed in California Superior Court. Plaintiffs' counsel has stated that they intend to include these cases in their coordination request.

On November 20, 2012, defendant Covidien filed a notice of removal with this Court premised on the theory that the action constitutes a "mass action" under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), or, in the alternative, that the Court has diversity jurisdiction over it pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiffs then filed this motion to remand for lack of subject matter jurisdiction.

## III. LEGAL STANDARD

No. C 12-05939 -RS

ORDER

2

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a). If the case stated by the initial pleading was not removable, a defendant may remove within thirty days of receipt of an amended pleading, motion, order, or other paper that renders the action removable. *See* 28 U.S.C. § 1446(b)(3). A case may not be removed on the basis of diversity jurisdiction, however, "more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See* 28 U.S.C. § 1446(c)(1). This one-year outside time bar for removal does not apply to cases removed under CAFA. *See* 28 U.S.C. 1543(b).

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). A non-diverse party named in a complaint can be disregarded for purposes of determining whether diversity jurisdiction exists if a district court determines that the party's inclusion in the action is a "sham" or "fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Under CAFA, removal is proper in a "mass action" where: (1) the amount in controversy exceeds five million dollars; (2) there is minimal diversity, where at least one plaintiff is diverse from one defendant; (3) the monetary claims of 100 or more plaintiffs are proposed to be tried jointly on the grounds that the plaintiffs' claims involve common questions of law or fact; and (4) at least one plaintiff's claim exceeds $75,000. *See* 28 U.S.C. § 1332(d).

"[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

IV.     DISCUSSION

A.  Removal Under CAFA

Within thirty days of plaintiffs' filing their petition for coordination in the California Superior Court, Covidien filed its notice of removal on the basis that this is a "mass action" under CAFA. *See* 28 U.S.C. § 1446(b)(3). Defendants concede that the twenty-four plaintiffs in this case alone falls short of the 100 persons required of a mass action. *See* 28 U.S.C. § 1332(d)(11)(B)(i). Defendants, however, argue that plaintiffs' petition for coordination, which requests coordination of this case with six others encompassing 141 individual plaintiffs, transforms this case into one "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that plaintiffs' claims involve common questions of law or fact." *Id.* "Plaintiff's petition for coordination, however, is bereft of any *explicit* proposal that the claims of these plaintiffs be *tried* jointly." *Rice v. McKesson Corp*, 12-05949, 2013 WL 97738, *2 (N.D. Cal. Jan. 13, 2013).

Defendants argue that the petition for coordination falls within the statute because it implicitly proposes that all seven cases be tried together. The petition proposes coordination under the California statute allowing the coordination of complex civil actions pending in different courts that share common questions of fact or law. *See* Cal. Code Civ. Proc. § 404. Under California law, the determination of whether to coordinate actions requires the weighing of several factors, including whether "one judge hearing all of the actions for all purposes . . . will promote the ends of justice." Cal. Code Civ. Proc. § 404.1. The California Rules of Court describe such a judge as a "coordination trial judge." Cal. R. Ct. 3.540(b). Plaintiff's petition for coordination, quite naturally then, requests the cases be consolidated before a "coordination trial judge" and argues that the required "factors . . . all demonstrate that coordination of these included actions is appropriate: One judge hearing all of the actions for all purposes . . . will promote the ends of justice; . . . Without coordination, the parties may suffer from disadvantages caused by duplicative and inconsistent rulings, orders or judgments."

Defendants seize upon the plaintiffs' use of the phrases "coordination trial judge," "for all purposes," and "inconsistent . . . judgments" in their petition for coordination, characterizing it as evidence that plaintiffs proposed a removable class action by implicitly requesting a joint trial of the

claims of over 100 persons. This contention is unpersuasive. CAFA specifies that claims "consolidated or coordinated solely for pretrial proceedings" do not qualify as "mass actions." 28 U.S.C. § 1332(d)(11)(B)(ii)(IV). In light of the "detailed definition of a 'mass action,'" the Ninth Circuit has refused to "entertain the notion that Congress intended to allow courts to override the considered legislative limitations on the 'mass action' concept." *Tanoh v. Dow Chemical Co.*, 561 F.3d 945, 954 (9th Cir. 2009).

Plaintiffs insist that they "have not requested a joint trial." Reply at 4. Their petition for coordination is devoid of an explicit request for a joint trial, and focuses rather on the need for coordination to reduce "duplicative discovery, waste of judicial resources and possible inconsistent judicial rulings on legal issues." "Construing plaintiffs' petition for coordination as the functional equivalent of an express request for a joint trial would conflict with both the guidance prov[ided] by our court of appeals in *Tanoh*, as well as with the general canon of strict construction of removal statutes." *Rice*, 2013 WL 97738, at *2.

Defendants argue that the Court should instead follow the Seventh Circuit's decision in *In re Abbott Labs, Inc.*, in which removal jurisdiction was found where "Plaintiffs may not have explicitly asked that their claims be tried jointly, but the language in their motion comes very close." 698 F.3d 568, 573 (7th Cir. 2012). No matter how persuasive *Abbott* might be, this Court is bound by the precedent of the Ninth Circuit in *Tanoh*. In any event, *Abbott* is easily distinguishable from the present case on its facts. In *Abbott*, plaintiffs explicitly requested consolidation "through trial" and "not solely for pretrial proceedings." *Id.* at 571. By contrast, here, the language of the petition focuses on pretrial proceedings such as discovery. The petition language that defendants rely on so heavily—"coordination trial judge," "for all purposes," and "inconsistent . . . judgments"—merely mirrors the language of the consolidation statutes. Those statutes make clear that several actions may be coordinated only for pretrial proceedings. "Plaintiffs' separate state court actions may, of course, become removable at [some] later point if plaintiffs seek to join the claims for trial." *Tanoh*, 561 F.3d at 956. Unless and until that happens, they do not constitute a mass action and may not be removed under CAFA.

B. Diversity Jurisdiction

Plaintiffs and defendants have expended considerable effort briefing the question of whether diversity jurisdiction is proper in this case.  Defendants argue that certain plaintiffs and defendants are fraudulently joined, and upon severance of those parties from this action, complete diversity would exist.[1]  Covidien acknowledges that these same arguments were raised by Eli Lilly and Company's notice of removal—indeed Covidien "relies on and [] incorporates by reference . . . the notice of removal of this action filed by Lilly."  Notice of Removal, Dkt. 1, ¶ 33.  Covidien further concedes that "these grounds for removal were rejected . . . in the remand decision" by the MDL judge, but nevertheless "submits that this decision was error."  *Id.*; *see also In re: Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*, 11-MD-02226, Dkt. 2074, August 7, 2012, Memorandum Order.  It is not necessary to reach the merits of defendants' diversity jurisdiction arguments to find that removal on this basis is not appropriate.

As an initial matter, Covidien's notice of removal on the basis of diversity jurisdiction is untimely.   A defendant has 30 days after being served with a summons to file a notice of removal.  *See* 28 U.S.C. § 1446(b)(1).  Covidien was served with the summons in this case on January 9, 2012, but did not file this notice of removal until November 20, 2012—more than ten months later.  There is an exception to the 30-day rule: if the original pleading was not removable, but a subsequent pleading or other paper indicates that the case may be removed, a defendant may file a notice of removal within 30 days after receipt of the new information.  *See* 28 U.S.C. § 1446(b)(3).  Covidien's notice of removal, however, does not identify any factual change in circumstances that would have led them to believe, in the 30 days preceding the filing of their notice of removal, that this case had become removable on the basis of diversity jurisdiction.  The fact that Covidien joined in Eli Lilly's notice of removal on the basis of diversity jurisdiction filed over a year ago on January 23, 2012, indicates to the contrary that they have long had reason to believe the case was removable on this ground.

Even if Covidien could point to some recent development revealing that diversity jurisdiction existed in this case, their notice of removal would still be tardy because, where diversity

---

[1] Defendants Mylan, Inc. and Mylan Pharmaceuticals, Inc. filed a notice of joinder in Covidien's opposition to plaintiffs' motion to remand.

No. C 12-05939 -RS

ORDER

6

is the basis of the removal, 28 U.S.C. § 1446(b)(3)'s extension of the filing deadline has an outer limit of "1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See* 28 U.S.C. § 1446(c)(1). The complaint in this case was filed on November 18, 2011. Covidien's notice of removal was not filed until more than one year later on November 20, 2012. Covidien has not argued that they should be exempt from the one-year limit on removal due to plaintiffs' bad faith. With respect to diversity jurisdiction, it is therefore too late to seek removal.

Furthermore, this is not the first removal in this case. While "[s]uccessive removals are not necessarily barred" in all circumstanced, *see Mattel, Inc. v.* Bryant, 441 F. Supp. 2d 1081, 1089 (C.D. Cal. 2005), it is a bedrock principle that "a party is not entitled . . . to file a second petition for removal upon the same grounds, where upon the first removal by the same party, the federal court declined to proceed and remanded the suit." *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883). As is required with removals for diversity jurisdiction, Covidien and all other defendants joined in Eli Lilly's first notice of removal. *See* 28 U.S.C. § 1446(b)(2)(A). More than one petition for removal may be made only if there is "both an amended pleading or paper and a ground for asserting removability that exists for the first time." *O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974) (discussing 28 U.S.C. 28 U.S.C. § 1446(b)). As discussed above, no new ground for asserting removal on the basis of diversity has arisen in this case. Covidien's notice of removal is made on the same basis as, and in fact incorporates by reference, the first notice of removal by Eli Lilly. The MDL judge remanding this case rejected the same arguments now presented by defendants that McKesson is fraudulently joined because "(1) prescription drug distributors are not subject to liability under the law of California . . . and (2) the claims are preempted under the Supreme Court's holding in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011)." *In re: Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*, 11-MD-02226, Dkt. 2074, August 7, 2012, Memorandum Order at 2. The MDL judge also considered and found unpersuasive defendants' arguments that non-diverse plaintiffs were fraudulently misjoined. *Id*. "The remand order (a first remand), is . . . conclusive [] as to the matters that were adjudged or could have been presented at that time as a basis for removal." *Id.* (quoting 1A Moore's Federal Practice § 0.169(3) at 1491 (2d

ed. 1965)). Even if Covidien's notice was timely, it presents no basis for revisiting the issues already presented by Eli Lilly's notice of removal and previously ruled upon by the MDL judge.

### C. Federal Question Jurisdiction

In opposition to the motion to remand, defendants argue for the first time that this Court has federal question jurisdiction over this case pursuant to "28 U.S.C. §§ 1331 and 1367 because Plaintiffs' claims against Covidien necessarily raise a substantial and disputed question of federal law." Opp. at 19. As discussed above, the petition must be filed within thirty days of receiving the complaint or other paper making the action removable. *See supra* IV.B (discussing 28 U.S.C. § 1446(b)(1), (3)). As Covidien's notice of removal was neither filed within 30 days of being served with the summons in this case nor identifies any new paper received within 30 days of filing the notice making it newly removable on the basis of federal question jurisdiction, the notice is untimely with respect to this ground for jurisdiction.

Even if timely, the notice of removal would not allow defendant to argue for removal on the basis of federal question jurisdiction. "A defendant seeking to remove an action from state to federal court must file a petition in federal court 'containing a short and plain statement of the facts which entitle him . . . to removal . . . .'" *O'Halloran v. University of Washington*, 856 F.2d 1375, 1380 (9th Cir. 1988) (quoting 28 U.S.C. §1446(a)). Covidien based its petition for removal solely on CAFA and diversity jurisdiction—it says nothing of federal question jurisdiction. "The petition cannot be amended to add a separate basis for removal jurisdiction after the thirty day period." *See O'Halloran*, 856 F.2d at 1381. As that requisite period for filing the notice of removal has run, the period for amending it has likewise expired. Accordingly, the deficiency in the petition can no longer be cured. There is, therefore, no need to address the issue of whether a federal question allegedly presented in the complaint supports the jurisdiction of this Court.

### V. CONCLUSION

This case does not constitute a mass action under CAFA and is not removable on that basis. Defendants' arguments for removal on the basis of diversity jurisdiction and federal question jurisdiction are untimely and procedurally improper, and need not be considered on their merits for

those reasons. Therefore, this Court lacks removal jurisdiction over this case, and it is remanded to the Superior Court of California for the County of San Francisco.

IT IS SO ORDERED.

Dated: 1/29/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE